(No. 4210—

DAVID ORR, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 7, 1950.*

BARTLEY AND KARBER, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimant, David Orr, was on September 30, 1947, an employee of the respondent in the Division of High-

ways, Department of Public Works and Buildings. On that day, while loading a drum of oil onto a truck, in the course of his employment for the respondent, his foot slipped into a depression, causing the bulk of the weight of the oil drum to fall upon the claimant. He immediately felt a burning sensation in his left groin, and a few days later a lump appeared. Claimant was later examined by Dr. John S. Lewis, who found him to be suffering from a left inguinal hernia. On May 26, 1948, claimant entered the Holden Hospital, Carbondale, Illinois, and the hernia condition was repaired by Dr. Lewis. Claimant was discharged from the hospital June 8, 1948, and was declared by Dr. Lewis to be able to work on July 6, 1948.

The claimant at the time of the injury had no children under the age of sixteen years. He was totally disabled from May 25, 1948 to June 3, 1948, inclusive. He was paid full salary from May 25, 1948 to June 3, 1948, and compensation at the rate of $19.50 per week from June 4, 1948 to July 5, 1948, inclusive. Claimant's earnings in the year preceding his injury totalled $2,613.00.

The record consists of the complaint, motion of respondent to dismiss, notice to call up motion to dismiss, withdrawal of Clyde L. Flynn, Jr., as counsel, entry of appearance of Messrs. Bartley and Karber, amended complaint, departmental report and transcript of evidence.

The original complaint was filed on July 7, 1949, and it is the contention of respondent that the cause of action is barred under the one year Statute of Limitations as contained in Section 24 of the Workmen's Compensation Act (Chapter 48, Section 161, Ill. Rev. Statutes 1947), as appeared upon the face of the original complaint. However, claimant amended his complaint to show that $13.93, paid as compensation from July 1 to July 5, all

in 1948, was not paid until August 7, 1948, and the evidence bears out this fact. Therefore, we feel the Court has jurisdiction in this cause. Respondent furnished complete surgical, medical and hospital treatment. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of the employment.

There is no testimony in the record that claimant has been completely and permanently disabled. Dr. John S. Lewis testified to the question, "Doctor, at the time you performed this operation, could you determine whether or not the hernia was of recent origin?" Answer, "No, as a matter of fact, in our experience with hernias, the instance and occurrence of hernia due to direct violence has never or hardly ever occurs. They occur by a slow, progressive weakening of fascia and muscles, and the trauma that finally produces the hernia may not be more than the patient has received on many previous occasions. For example, they are similar to the blow out of a tire. The tire may bulge for a long time while driving over streets. Finally, there is a blow out for the same reason. A blow out is when the inner tube protrudes through the casing of the tire. The difference of the hernia is when the viscus or internal organ protrudes through the wall containing it, meaning the viscus."

Section 8 (d-1), Workmen's Compensation Act, requires that an injured employee, to be entitled to compensation for hernia, must prove:

1. The hernia was of recent origin.
2. Its appearance was accompanied by pain.
3. It was immediately preceded by trauma arising out of and in the course of employment.
4. The hernia did not exist prior to the accident.

From the testimony of Dr. Lewis, claimant's proof was insufficient to meet the requirements of the Workmen's Compensation Act.

An award will have to be denied.

Virginia O'Leary was employed to take and transcribe the evidence at the hearing before Commissioner Summers. Charges in the amount of $28.00 were incurred for these services, which charges are fair, reasonable and customary.

An award is, therefore, entered in favor of Virginia O'Leary in the amount of $28.00.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."